IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DARRELL EUGENE CLANTON,           :

    Petitioner,                   :

v.                                :          CIVIL ACTION 05-0343-WS-M

JERRY FERRELL,                    :

    Respondent.                   :


REPORT AND RECOMMENDATION

    This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Jerry Ferrell and against Petitioner Darrell Eugene Clanton pursuant to 28 U.S.C. § 2244(d).

    Petitioner was convicted of first degree burglary in the Circuit Court of Mobile County on January 8, 1993 for which he received a sentence of twenty-five years in the state penitentiary (Doc. 3, p. 2; Doc. 14, p. 1).  Clanton did not

appeal the conviction (*id.* at p. 3).

Petitioner filed a Petition for Reduction of Sentence with the State on March 7, 1994 (*see* Doc. 14, p. 1). It was denied on March 18, 1994 (*see* Doc. 14, p. 1).[1]

Petitioner filed a complaint with this Court on June 8, 2005[2] raising the claim that he did not enter into his plea agreement with full knowledge of the consequences as he was to be sentenced under the habitual offender act (Doc. 3, p. 7).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 14, pp. 5-7). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244. The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the

---

[1] The Court notes that Defendant has never filed the exhibits which support its assertions regarding Taylor's Petition for Reduction of Sentence (*see* Doc. 14, p. 4 n.1).

[2] Respondent states that Petitioner did not file this complaint until June 29, 2005 (Doc. 14, p. 2). While Taylor did not file a petition which was in the form this Court requires until that date (Doc. 3), Petitioner initiated this action on June 8, 2005 with the filing of a habeas corpus petition, albeit an old one (Doc. 1).

2

>     latest of the date on which the judgment
>     became final by the conclusion of direct
>     review or the expiration of the time for
>     seeking such review.

28 U.S.C. § 2244(d)(1)(A).

The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). The Eleventh Circuit Court of Appeals held that the one-year limitations period would begin to run on that date, April 24, 1996, for potential habeas petitioners whose convictions had already become final by way of direct review. *Goodman*, 151 F.3d at 1337; *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). In other words, the Eleventh Circuit Court of Appeals established a "grace period" through April 23, 1997 so that federal and state criminal defendants would not lose the opportunity to seek federal habeas review.

Petitioner's conviction became final on February 19, 1993, the day on which he could last file an appeal of his conviction and sentence with the Alabama Court of Criminal Appeals. As such, Clanton's conviction became final prior to the effective date of the AEDPA. Ala.R.App.P. Rules 3(a)(2), 4(a)(1).

Petitioner's habeas corpus petition was not filed in this Court until June 8, 2005, more than eight years after the

grace period had expired.  Petitioner has apparently only filed a Petition for Reduction of Sentence in the State Courts in the intervening period of time between his conviction and the filing of this habeas petition; as noted earlier, the petition for sentence reduction was filed—and denied—before the grace period for the statute of limitations ran so it has no impact on the running of the clock.

Clearly, Petitioner's habeas corpus petition was filed well beyond the one-year grace period and filed in violation of 28 U.S.C. § 2244(d).  Clanton's proffered reasoning for the delay is that the time limit for an appeal does not begin to run until the defendant is notified of the right to appeal; Petitioner further claims that he was never notified of his right to appeal (Doc. 16).  The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996:  this action is time-barred.[3]

---

[3]The Court also notes that Respondent has asserted that Petitioner's claim is procedurally defaulted as he has never brought this claim in the State Courts (Doc. 14, p. 3).  The Court finds merit in Respondent's assertion under the United States Supreme Court decisions, *Harris v. Reed*, 489 U.S. 255 (1989) and *Teague v. Lane*, 489 U.S. 288 (1989).  The Court further finds that Clanton has failed to demonstrate cause and prejudice for his failure to raise these claims in the State Courts in a timely manner under *Wainwright v. Sykes*, 433 U.S. 72 (1977) and has failed to assert a fundamental miscarriage of justice claim under *Engle v. Isaac*, 456 U.S. 107, 135 (1982) and *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  The Court finds Clanton's claim to be procedurally defaulted.

For the reasons stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Jerry Ferrell and against Petitioner Darrell Eugene Clanton pursuant to 28 U.S.C. § 2244(d).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the

5

objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 7th day of December, 2005.

                                            s/BERT W. MILLING, JR.
                                            UNITED STATES MAGISTRATE JUDGE